## 11603

## STATE v. CLARK

### (125 S. E., 297)

1. CRIMINAL LAW—DENIAL OF NEW TRIAL FOR AFTER-DISCOVERED EVIDENCE HELD PROPER IN VIEW OF FAILURE TO SHOW WANT OF KNOWLEDGE OF EVIDENCE ON PART OF DEFENDANT AND COUNSEL.—Where it appeared from affidavits on motion for new trial by defendant sentenced to life imprisonment on plea of guilty of murder, that facts contained in affidavit of physician called in on discovery of the deceased, filed in support of defendant's motion, were communicated to defendant's attorney and to those who represented the State, and that the attorneys for the State were greatly influenced thereby in consenting to a verdict of guilty, with a recommendation

of mercy, denial of motion *held* proper, in view of failure to show want of knowledge on part of defendant and his counsel of such evidence.

2. JURY—DEFENDANT CHARGED WITH MURDER CAN CONSENT TO VERDICT OF ,GUILTY WITH RECOMMENDATION OF MERCY.—Defendant charged with murder has right to consent to verdict of guilty with recommendation of mercy, notwithstanding constitutional right to jury trial.

Before WILSON, J., Florence, March, 1924. Affirmed.

Motion for a new trial by Howard Clark on the ground of after discovered evidence and other grounds. Upon refusal, defendant appeals.

*Messrs. Kelly & Hinds,* for appellant, cite: *After discovered evidence:* 33 S. C., 403; 87 S. C., 157; 89 S. C., 44; 100 S. C., 33; 106 S. C., 439.

*Mr. L. M. Gasque., Solicitor* for the State, cites: *After discovered evidence:* 115 S. E., 635; 106 S. C., 437; 113 S. C., 254; 89 S. C., 41; 106 S. C., 287; 44 S. C., 325. *Defendant could consent to verdict after jury sworn and State's evidence submitted:* 108 S. C., 295; 43 S. C., 52.

November 11, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor Judge Wilson, refusing the defendant's motion for a new trial upon the ground of after-discovered evidence.

The situation is a most unusual one. The defendant was tried before his Honor, Judge Shipp, and a jury, at the June term, 1924, of the Court of general sessions for Florence County, charged with the murder of his wife. At the conclusion of the evidence for the State, the counsel for the defendant, without offering any evidence, announced that they would consent to a verdict of guilty with recommendations to mercy. This was done with the approval of the defendant, as a matter of course. The State consented to the

proposal, which doubtless had already in conference been agreed to, and the jury rendered a verdict accordingly. The defendant was thereupon sentenced to life imprisonment in the State penitentiary where he has been since confined.

The main item of after-discovered evidence is the substance of an affidavit of Dr. J. G. McMaster, a physician, who had been called in upon the discovery of the dead body of Mrs. Clark, which lay upon the bed with a pistol shot wound in her right temple. From various circumstances which he details, Dr. McMaster is very positive in his conviction that the case was one of suicide. He testified at the coroner's inquest, and was in the Court room during the trial of the case, obviously as a witness for the defendant, but was not called upon by the State; the defendant, as stated, offered no testimony. It is manifest from the affidavits of Mr. D. Gordon Baker, a former senator from Florence county, and an attorney of the highest character, personally known to the members of this Court, and of Hon. E. C. Dennis, now gracing with dignity and ability the circuit bench of this State, both of whom were associated with the solicitor in the prosecution of the case, that all of the facts and deductions contained in the affidavit of Dr. McMaster were communicated not only to the defendant's attorney, but to those representing the State, in an effort to arrive at the conclusion which was reached, and that the attorneys for the State were greatly influenced thereby in consenting to a verdict of guilty with recommendations of mercy. It it significant that the affidavits referred to, of Mr. Baker and Judge Dennis, although demonstrating in detailed circumstances the knowledge on the part of the attorneys for the defendant of the information contained in Dr. McMaster's affidavit, are unopposed by counter affidavits of these gentlemen, all of whom are readily accessible and are men of the highest integrity.

The evidence relied upon is therefore lacking in the most important essential, want of knowledge, on the part of the defendant and his counsel, of the evidence.

11—S. C. R., 130

The suggestion that the defendant was not tried by a jury as provided for in the Constitution is plainly without merit, as appears from the case of *State v. Williams,* 108 S. C., 295; 93 S. E., 1006, which holds that the defendant has the right to consent to a verdict of guilty with recommendation of mercy.

The judgment of this Court is that the order appealed from be affirmed.

.MESSRS. JUSTICES WATTS, FRASER, and MARION concur.